Anthony L. Martin
Nevada Bar No. 8177
anthony.martin@ogletreedeakins.com
Dana B. Salmonson
Nevada Bar No. 11180
dana.salmonson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800
Fax: 702.369.6888

*Attorneys for Defendants Las Vegas Sands Corp.*
*Sands Aviation, LLC, and Las Vegas Sands, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SEAN KENNEDY, individual; ANDREW SNIDER, individual; CHRISTOPHER WARD, individual; RANDALL WESTON, individual; RONALD WILLIAMSON, individual,<br><br>Plaintiffs,<br><br>vs.<br><br>LAS VEGAS SAND CORP., a Domestic Corporation; SANDS AVIATION, LLC, a Domestic Limited-Liability Company; LAS VEGAS SANDS, LLC, a Domestic Limited-Liability Company; INTERFACE OPERATIONS, LLC, a Foreign Limited-Liability Company,<br><br>Defendants. | CASE NO.: 2:17-cv-00880-JCM-VCF<br><br>**DEFENDANTS' LAS VEGAS SANDS CORP., SANDS AVIATION, LLC, AND LAS VEGAS SANDS, LLC'S**<br><br>(i) MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT AND/OR<br><br>(ii) REQUEST FOR MORE DEFINITE STATEMENT<br><br>*(Filed Concurrently With Defendants Las Vegas Sands Corp., Sands Aviation, LLC, and Las Vegas Sands, LLC's Motion to Strike Portions of Plaintiffs' Complaint)* |

Defendants Las Vegas Sands Corp., Sands Aviation, LLC, and Las Vegas Sands, LLC (collectively referred to as "Defendants") by and through their undersigned counsel of record, hereby move for partial dismissal of Plaintiffs' Complaint (ECF No. 1.) Specifically, Defendants move to dismiss: (1) Plaintiffs' claim for retaliation for failure to state a claim upon which relief could be granted; and (2) Defendants Las Vegas Sands Corp. and Las Vegas Sands, LLC. In the alternative, Defendants move for a more definite statement as to what Plaintiffs' Complaints were

and how Defendants retaliated against them as a result of these purported complaints.[1]

This Motion is made pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure and based on the records, pleadings and papers on file herein, together with the following Memorandum of Points and Authorities, and any such further argument as the Court may deem appropriate.

Dated this 3rd day of May, 2017.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Dana B. Salmonson
Anthony L. Martin
Dana B. Salmonson
3800 Howard Hughes Parkway
Suite 1500
Las Vegas, NV 89169
*Attorneys for Defendants Las Vegas Sands Corp. Sands Aviation, LLC, and Las Vegas Sands, LLC*

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Plaintiffs are current and former employees of Defendants and filed the instant action against Defendants. Plaintiffs' claim for retaliation does not pass muster under the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) because Plaintiffs have not pled any facts that would give rise to their otherwise vague and unsupported claim for retaliation. Specifically, Defendants are left guessing as to which Plaintiffs claim retaliation, what FLSA rights were asserted, and what the retaliatory act was. Plaintiffs make general and vague allegations that, when they voiced their opinions about overtime, Defendants would retaliate, having their titles reduced

---

[1] Defendants do not believe that a more definite statement is necessary as to Defendants Las Vegas Sands Corp. and Las Vegas Sands, LLC because no amendment or additional facts exist to demonstrate how either entity was Plaintiffs' employer. Any relief to amend on these grounds would be futile.

and being refused flex time and transport of family members of Defendants' executives. (ECF No. 1 at ¶ 252.) However, there are no specific factual allegations against Defendants on behalf of Plaintiffs Snider, Ward, or Williamson. Additionally, Plaintiff Kennedy's purported retaliation was unrelated to any alleged complaints protected under 29 U.S.C. § 215(a)(3) and was as a result of him complaining about passengers. (*Id.*, ¶ 136.) Without making any allegations that each individual Plaintiff engaged in activity protected by the FLSA, what their alleged adverse actions were, and who purportedly directed such an adverse action, Plaintiffs' claim for retaliation does not comply with Rule 8(a), and should be dismissed.

Further, as some sort of arbitrary "catch all," Plaintiffs collectively define "Defendants" as Las Vegas Sands Corp., Las Vegas Sands, LLC, and Sands Aviation, LLC[2] and somehow maintain that "Defendants" employed Plaintiffs as pilots to transport Defendants' patrons, executives, friends, and others on Defendants fleet of private jets around the world. (ECF No. 1, ¶ 10.) Las Vegas Sands Corp. and Las Vegas Sands, LLC did not employ Plaintiff, nor do Plaintiffs allege any type of joint-employment relationship between them and Sands Aviation, LLC - likely because one does not exist. Because Las Vegas Sands Corp. and Las Vegas Sands, LLC were not Plaintiffs' employers, as a matter of law, they cannot be held liable for violations of the FLSA and related retaliation.

In the alternative, Defendants hereby move this Court, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to order Plaintiffs to amend their Complaint and actually plead the facts that allegedly form the basis of their retaliation claim.[3] Plaintiffs' claim for retaliation is vague, ambiguous, and unintelligible. Although it contains claims purporting to set forth allegations of retaliation, the Complaint fails to identify even the most basic set of facts supporting this claim, such as identifying which Plaintiffs are claiming retaliation. Because of the Complaint's utter lack of clarity, Defendants are unable to frame a response thereto and are prohibited from setting forth

---

[2] Plaintiffs also include Interface Operations LLC in their definition of "Defendants." Interface Operations LLC has separate counsel and will be responding separately.

[3] As previously stated, Defendants do not believe that a more definite statement is necessary as to Defendants Las Vegas Sands Corp. and Las Vegas Sands, LLC because no amendment or additional facts exist to demonstrate how either entity was Plaintiffs' employer.

the appropriate defenses. Thus, if the Court does not outright dismiss Plaintiffs' claim for retaliation, Defendants respectfully request that the Court, at a minimum, order Plaintiffs to file an amended complaint that identifies the facts on which their retaliation claim is premised.

## II. SUMMARY OF FACTS FROM PLAINTIFFS' COMPLAINT[4]

Plaintiffs filed their Complaint on March 27, 2017 alleging two causes of action: (1) unpaid overtime, liquidated damages, and attorneys' fees pursuant to 29 U.S.C. 207(a), 29 U.S.C. § 216(b), and 29 U.S.C. § 255(a); and (2) retaliation in violation of 29 U.S.C. § 215(a)(3). (ECF No. 1.) More specifically, Plaintiffs' claim they are not exempt employees and are owed overtime for all hours worked including time they were "on-call." *Id.*

Plaintiffs define Defendants Las Vegas Sands Corp. and Las Vegas Sands, LLC as proprietors of numerous resorts and hotels in Las Vegas, and Las Vegas Sands Corp. is a publically traded Company. (ECF No. 1, ¶ 6.) Plaintiffs further allege that Defendant Sands Aviation, LLC provides aviation services to executives and patrons of Las Vegas Sands Corp. and Las Vegas Sands, LLC. (*Id.* at ¶ 7.) **The pilots that Sands Aviation, LLC employs** are tasked with transporting Defendants' executives, patrons, and others to and from Las Vegas. (*Id.*)

In addition to inappropriately naming Defendants Las Vegas Sands Corp. and Las Vegas Sands, LLC, the focus of this Motion is Plaintiffs' claim for retaliation in violation of 29 U.S.C. § 215(a)(3). Aside from Plaintiff Weston, Plaintiffs have failed to identify any other Plaintiff who is alleged to have experienced retaliation related to their concerns with the payment of overtime. Plaintiffs generally allege that they had communications with Defendants' managers, executives, and other employees **regarding the topic of overtime**. (ECF No. 1, ¶ 32.) However, none of the remaining Plaintiffs make any allegations that they engaged in a protected activity, when this activity occurred, what adverse action was taken against them and when, and who was responsible for said adverse action. Plaintiff Weston alleges that he expressed concern over some of **the**

---

[4] For purposes of this Motion, Defendants acknowledge that all factual allegations contained in the Complaint are to be regarded as true and all inferences must be drawn in favor of Plaintiff, even though Defendants neither admit nor deny the same. Moreover, Defendants have not filed an Answer to Plaintiff's Complaint because a Rule 12(b)(6) motion enlarges the time to file the same. *See* Fed. R. Civ. P. 12(a)(4).

business practices of Defendants. (*Id.* at ¶ 88.) In response, Plaintiffs allege that Defendants scheduled Weston heavily over the next months and he flew one hundred and fifty-two hours in the span of three months. (*Id.* at ¶¶ 89-90.) Plaintiff Weston also alleges retaliation in May, 2016 when, after advising Defendants he was eligible for overtime, he was scheduled for eight days straight for flights. (*Id.* at ¶¶ 91-92.)

Plaintiffs make general and vague allegations that, when they voiced their opinions about overtime, Defendants would retaliate, having their titles reduced and being refused flex time and transport of family members of Defendants' executives. (ECF No. 1 at ¶ 252.)

### III. LEGAL ANALYSIS

#### A. Dismissal Pursuant to FRCP 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes this Court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See Yazoo County Indus. Dev. Corp. v. Suthoff*, 454 U.S. 1157, 1161 (1982). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal punctuation and citation omitted); Federal Rule of Civil Procedure (8)(a)(2) (stating a claim requires a statement showing the plaintiff is entitled to relief). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* at 558 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983)).

Testing the sufficiency of the complaint thus involves two steps. *Iqbal*, 556 U.S. at 678-79. During the first step, the court identifies and eliminates from further consideration allegations that "are no more than conclusions." *Id.* at 678. A plaintiff "does not unlock the doors of discovery . . . armed with nothing more than conclusions." *Id.* Unless there are "well-pleaded facts" that demonstrate the plausibility of the claim, "the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quotations omitted) (citing Federal Rule of Civil Procedure 8(a)(2)). Moreover, neither "legal conclusions couched as factual allegations" nor "naked

assertions devoid of further factual enhancement" are enough to survive a motion to dismiss. *Id.* at 678; *see also Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013). Only if and "[w]hen there are well-pleaded factual allegations," the court proceeds to the next step to determine "whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When the claims have not crossed the line from conceivable to plausible, the complaint *must* be dismissed. *Iqbal*, 556 U.S. at 670. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* at 679.

While courts must assume all of the factual allegations in the complaint are true, legal conclusions in the form of factual allegations are not deserving of the same treatment. *Artist Housing Holdings, Inc. v. Davi Skin, Inc.*, 2007 WL 2509846 at *1 (D. Nev. Aug. 28, 2007) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

### B. Plaintiffs' Complaint Should be Dismissed Against Las Vegas Sands Corp. and Las Vegas Sands, LLC Because They did not Employ Plaintiffs

Plaintiffs may not bring their claims against Las Vegas Sands Corp. and Las Vegas Sands, LLC because neither were Plaintiffs' employer and, importantly, Plaintiffs **have not alleged with any specificity** that Las Vegas Sands Corp. and Las Vegas Sands, LLC were their employer or somehow impacted or controlled Plaintiffs' employment. An employer cannot be liable to an individual unless there is "some connection with an employment relationship." *Anderson v. Pacific Maritime Ass'n*, 336 F.3d 924, 930 (9th Cir. 2003). To establish an employment relationship existed, Plaintiffs must offer more than unsubstantiated allegations, which amount to nothing more than a series of labels and conclusions. *EEOC v. Global Horizons, Inc.*, 2011 WL 5325747 (D. Hawaii 2011). In *Global Horizons*, the court noted that the First Amended Complaint

was "completely devoid of any factual allegations regarding the nature of the relationship between each of the Moving Defendants and the Claimants." *Id.* at *10.

The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce," a minimum wage. 29 U.S.C. § 206(a). "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

To state a claim for violations of the FLSA, there must be an employer-employee relationship. This requires an "employer" and "employee" and the act or condition of employment. FLSA sections 3(d), (e), and (g) define the terms "employer," "employee," and "employ." The Court applies an economic reality test to determine whether a joint employment relationship exists under FLSA, considering whether alleged employer: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of payment; (3) determined the rate and method of payment; and (4) maintained employment records. *Nissenbaum v. NNH Cal Neva Services Co., LLC*, 983 F. Supp. 2d 1234, 1239 (D. Nev. 2013) (citing *Torres-Lopez v. May*, 111 F.3d 633, 638 (9th Cir. 1997) and *Moreau v. Air France*, 356 F.3d 942, 946-47 (9th Cir. 2004)).

Here, Plaintiffs' failure to provide sufficient factual allegations of an employment relationship with Las Vegas Sands Corp. and Las Vegas Sands, LLC or any facts as to how these entities impacted or controlled Plaintiffs render each of their claims ripe for dismissal as against these two Defendants under the pleading standards set forth in *Twombly*, 550 U.S. at 555 and *Iqbal*, 556 U.S. at 677-78. Plaintiffs merely offer that Sands Aviation, LLC provides aviation

services to Las Vegas Sands Corp. and Las Vegas Sands, LLC and unsubstantiated allegations that the collective "Defendants" employed Plaintiffs. (ECF No. 1 at ¶ 10.) Other than lumping every entity together as "Defendants," Plaintiffs do not make any specific allegations directly against Las Vegas Sands Corp. and Las Vegas Sands, LLC, nor can they, as they were not employed by either entity. Plaintiffs even admit that Sands Aviation, LLC employs the pilots. (*Id.* at ¶ 7.) Consequently, Plaintiff has not and cannot satisfy the pleading standards set forth in *Twombly*, *Iqbal*, and *Global Horizons* discussed above with regard to Las Vegas Sands Corp. and Las Vegas Sands, LLC.

Also, because the Complaint is completely devoid of any direct allegations against Las Vegas Sands Corp. and Las Vegas Sands, LLC, Plaintiffs' Complaint, in its entirety, is not properly filed against Las Vegas Sands Corp. and Las Vegas Sands, LLC and should therefore be dismissed.[5]

### C. Plaintiffs Have Failed to State a Claim for Retaliation

The FLSA prohibits retaliation by employers against employees for asserting rights under the FLSA in violation of Section 15(a)(3) of the act, which provides that it is unlawful for an employer:

> [T]o discharge or in any other manner discriminate against any employee **because such employee has filed any complaint** or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3) (emphasis added). The purposes of the anti-retaliation provision is "to provide an incentive for employees **to report wage and hour violations** by their employers."

---

[5] Defendants believe that Plaintiffs will try and seek leave to amend; however, Plaintiffs would be disingenuous in doing so. Accordingly, leave to amend would be futile because Plaintiffs cannot allege in good faith any facts that would qualify Las Vegas Sands Corp. or Las Vegas Sands, LLC as their employer for purposes of the FLSA, nor can they demonstrate that these entities impacted or controlled their employment relationship.

8

*Lambert v. Ackerley*, 180 F.3d 997, 1004 (9th Cir.1999) (en banc), *cert. denied*, 528 U.S. 1116 (2000) (emphasis added).

Here, Plaintiffs make general and vague allegations that, when they voiced their opinions about overtime, Defendants would somehow retaliate. (ECF No. 1, ¶ 252.) When reviewing the thirty-two page complaint, the only Plaintiff that has any allegations remotely describing protected activity pursuant to the FLSA's anti-retaliation provision is Plaintiff Weston, who claims he informed his employer that he was eligible for overtime. (*Id.* at ¶¶ 91-92.) The remaining Plaintiffs, Snider, Kennedy, Ward, and Williamson, make <u>**zero**</u> allegations that <u>**they themselves**</u> reported wage and hour violations, filed a complaint, etc. and were retaliated against as a result of these complaints. They generally allege that they had communications with Defendants' managers, executives, and other employees regarding the topic of overtime, yet provide no additional context as to who complained, when and to whom, and how those complaints resulted in an adverse employment action – *i.e.*, there is no additional reference to specific complaints protected by 29 U.S.C. § 215(a)(3).

Because Plaintiffs failed to plead facts that give rise to an FLSA retaliation claim, this claim should be dismissed.

**D.   <u>In the Alternative, Plaintiffs Should be Required to Provide a More Definite Statement as to Each of Their Individual Claims for Retaliation.</u>**

Rule 12(e) provides, in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). Such a motion is designed to strike at unintelligibility. *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574, 580 (D. Nev. 1984). Vagueness or lack of detail "should be attacked by a motion for a more definite statement." *Harman v. Valley Nat. Bank of Ariz.*, 339 F.2d 564, 567 (9th Cir. 1964), quoting Moore's Federal Practice par. 12.08, pp. 2245-46. If a plaintiff does not provide "a short and plain statement of the claim pursuant to FRCP 8(a) such that

defendant does not have fair notice of the claim and the grounds on which it rests, then a Rule 12(e) motion is appropriate." *Home & Nature, Inc. v. Sherman Specialty Co., Inc.*, 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004); *see also Underwood v. Archer Mgmt. Servs., Inc.*, 857 F. Supp. 96, 97 (D. D.C. 1994).

As a practical matter, confusing complaints impose unfair burdens on litigants and judges. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). To perform their respective responsibilities, judges and opposing counsel cannot use vague and ambiguous complaints. *Id.* Confusing and unclear complaints lead to "discovery disputes and lengthy trials, prejudicing litigants in other cases who follow the rules, as well as defendants in the case in which the [vague and ambiguous] pleading is filed." *Id.* at 1180. Furthermore, defendants are put at risk "that plaintiff[s] will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement and judgment will be different from what they reasonably expected." *Id.*

As the Complaint now stands, it does not properly notify Defendants of any of the facts and circumstances surrounding Plaintiffs claim(s) for retaliation with which they allege. More specifically, Defendants are left guessing which Plaintiffs have claims for retaliation, what their purported protected activity was, when their individual complaints were made, to whom the complaints were made, and the actual alleged adverse actions that resulted from their alleged purported protected activity. In other words, the Complaint does not clearly indicate which Plaintiffs are raising this claim.[6] Where Defendants are prevented from asserting various defenses because of the lack of detail set forth in the Complaint, a motion for more definite statement pursuant to FRCP 12(e) is appropriate. *See McHenry v. Renne*, 84 F.3d 1172, 34 Fed.R.Serv.3d 1555 (9th Cir. 1996) (Court notes with approval the district court's order requiring plaintiffs to re-plead their complaint due to defendants' inability to respond to the same). Should this Court grant Plaintiffs an opportunity to provide a more definite statement, at a minimum Plaintiffs must

---

[6] By way of example, Plaintiffs' first Cause of Action for Unpaid Overtime Pursuant to 29 USC § 207(a), 29 USC § 216(b) and 29 USC § 255(a) specifies that this cause of action is by "All Plaintiffs Against All Defendants." (ECF No. 1, p. 27:14.)

provide the following information: (1) each of their alleged protected activity, including when a complaint was made, to whom, and what the complaint was about; and (2) what adverse/retaliatory action was taken, when, and by whom.

## IV.   CONCLUSION

Plaintiffs' Complaint as against Las Vegas Sands Corp. and Las Vegas Sands, LLC must be dismissed because neither Defendant employed the Plaintiff and, therefore, is not an employer within the meaning of the FLSA. Moreover, permitting an amendment to allege facts against these entities would be futile.

Further, Plaintiffs' Complaint fails to state sufficient facts in support of their individual retaliation claims to survive dismissal under the standard set forth in *Twombly* and *Iqbal*. Defendants are left guessing what the alleged retaliatory acts are because they include a multitude of information irrelevant to the underlying claims, which are subject to Defendants' Motion to Strike, filed concurrently with this Motion. Plaintiffs' claim for retaliation should, therefore, be dismissed, or in the alternative, Plaintiffs should be required to provide Defendants and this Court with a more definite statement by way of a First Amended Complaint.

Dated this 3rd day of May, 2017.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Dana B. Salmonson
Anthony L. Martin
Dana B. Salmonson
3800 Howard Hughes Parkway
Suite 1500
Las Vegas, NV  89169
*Attorneys for Defendants Las Vegas Sands Corp. Sands Aviation, LLC, and Las Vegas Sands, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the attached **DEFENDANTS' LAS VEGAS SANDS CORP., SANDS AVIATION, LLC, AND LAS VEGAS SANDS, LLC'S (I) MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT AND/OR (II) REQUEST FOR MORE DEFINITE STATEMENT** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Andre M. Lagomarsino, Esq.**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby further certify that service of the foregoing **DEFENDANTS' LAS VEGAS SANDS CORP., SANDS AVIATION, LLC, AND LAS VEGAS SANDS, LLC'S (I) MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT AND/OR (II) REQUEST FOR MORE DEFINITE STATEMENT** was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, to the following:

Andre M. Lagomarsino, Esq.
Lagomarsino Law
3005 West Horizon Ridge Parkway
Suite 241
Henderson, NV 89052

Dated this 3rd day of May, 2017.

/s/ Mindy Warner
An Employee of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.