UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SEAN KENNEDY, et al.,

Plaintiff(s),

v.

LAS VEGAS SANDS CORP., et al.,

Defendant(s).

Case No. 2:17-CV-880 JCM (VCF)

ORDER

Presently before the court is defendant Interface Operations LLC's ("Interface") motion to dismiss. (ECF No. 18). Plaintiffs Sean Kennedy, Andrew Snider, Christopher Ward, Randall Weston, and Ronald Williamson (collectively, as "plaintiffs") filed a response (ECF No. 41), to which Interface replied (ECF No. 44).

Also before the court is a motion to dismiss filed by defendants Las Vegas Sands Corp., Las Vegas Sands, LLC, and Sands Aviation, LLC (collectively, as "Sands"). (ECF No. 19). Plaintiffs filed a response (ECF No. 39), to which Sands replied (ECF No. 42).

**I.     Facts**

This instant action involves claims for unpaid overtime and retaliation under the Fair Labor Standards Act (the "FLSA"). Defendant Sands Aviation, LLC provides aviation services to executives and patrons of defendants Las Vegas Sands Corp. and Las Vegas Sands, LLC. (ECF No. 1 at 3). Defendant Interface provides employment support and payroll for Sands. (ECF No. 1 at 3).

Plaintiffs allege that Sands employed them as company pilots and that between March 27, 2014 and March 27, 2017, plaintiffs worked more than eight hours per day and forty hours per workweek without receipt of overtime compensation. (ECF No. 1 at 5).

**James C. Mahan
U.S. District Judge**

On March 27, 2017, plaintiffs filed the underlying complaint, alleging two causes of action: (1) unpaid overtime pursuant to 29 U.S.C. § 207(a); and (2) retaliation under 29 U.S.C. § 215(a)(3). (ECF No. 1).

In the instant motions, defendants Interface and Sands move for dismissal of plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 18, 19).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.*

James C. Mahan
U.S. District Judge

(internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III. Discussion

The Fair Labor Standards Act (the "FLSA") was created to provide a uniform national policy of guaranteeing compensation for all work or employment covered by the Act. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 741 (1981). The FLSA sets minimum wage and overtime standards for employment. 29 U.S.C. § 201 *et seq.* Specifically, the FLSA requires employers to pay employees who work in excess of forty hours per week "at a rate not less than one and one-half times" their normal wages. 29 U.S.C. § 207(a)(1). The FLSA grants individual employees broad access to the courts and permits an action to recover minimum wages, overtime compensation, liquidated damages, or injunctive relief. *Id.* at 740.

### A. Employers

In its motion, Interface argues that dismissal is proper because the complaint fails to sufficiently allege that Interface is an "employer" within the meaning of the FLSA. (ECF No. 18). In particular, Interface contends that plaintiffs failed to plead any employment relationship between plaintiffs and Interface that can give rise to liability under the FLSA. (ECF No. 18 at 7).

Similarly, Sands argues that dismissal of plaintiffs' claims against defendants Las Vegas Sands Corp. and Las Vegas Sands, LLC is proper because the complaint fails to sufficiently allege any employer-employee relationship between plaintiffs and these defendants. (ECF No. 19).

The court agrees. The term "employer" is defined broadly by the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes

. . . anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). "[T]he definition of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009) (internal citations and quotations omitted). "Where an individual exercises control over the nature and structure of the employment relationship, or the economic control over the relationship, that individual is an employer within the meaning of the Act, and is subject to liability." *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999).

When determining whether an employer under the FLSA, or an individual that meets the employer definition under the FLSA, meets the "economic realities" test, the court should consider the following relevant factors: (1) the power to hire and fire employees; (2) supervision and control of employee work schedules or conditions of employment; (3) power to determine the rate and method of payment; and, (4) responsibility to maintain employment records. *See Hale v. State of Ariz.*, 993 F.2d 1387, 1394 (9th Cir. 1993). No one factor is dispositive. Evaluation of the relationship as a whole depends on the totality of the circumstances. *Id.*

Here, the complaint fails to set forth sufficient facts as to the "employment support" that Interface provides for Sands that would support a reasonable inference of an employment relationship between plaintiffs and Interface. The complaint contains one specific allegation as to Interface—that Interface provides employment support and payroll for Sands. (ECF No. 1 at 3). The remainder of the complaint makes general allegations against all defendants. (ECF No. 1). Further, the Ninth Circuit has held that payroll companies are not employers under the FLSA. *See, e.g.*, *Dianda v. PDEI, Inc.*, 377 F. App'x 676 (9th Cir. 2010).

Similarly, as to defendants Las Vegas Sands Corp. and Las Vegas Sands, LLC, the complaint fails to allege sufficient facts to support a reasonable inference of an employer-employee relationship between plaintiffs and these defendants. The complaint merely alleges that that plaintiffs were employed by Sands as pilots and that defendant Sands Aviation, LLC provides aviation services to executives and patrons of defendants Las Vegas Sands Corp. and Las Vegas Sands, LLC. (ECF No. 1 at 3).

James C. Mahan
U.S. District Judge

- 4 -

Plaintiffs fail to set forth adequate facts as to these defendants' capacity as plaintiffs' employers—such as their power to hire and fire plaintiffs and supervision and control over plaintiffs' schedules. Plaintiffs' general allegations as to "defendants" collectively are insufficient to support a reasonable inference that each defendant is an employer of plaintiffs within the meaning of the FLSA.

In light of the foregoing, plaintiffs have failed to sufficiently allege that defendants Interface, Las Vegas Sands Corp., and Las Vegas Sands, LLC are employers of plaintiffs within the meaning of the FLSA to sufficiently support an FLSA overtime/retaliation claim. Accordingly, the court will grant Interface's and Sands' motions to dismiss without prejudice as to defendants Interface, Las Vegas Sands Corp., and Las Vegas Sands, LLC.

**B. Retaliation** (claim 2)

Sands argue that dismissal of plaintiffs' retaliation claim is proper because plaintiffs failed to allege any reports of wage or hour violations. (ECF No. 19 at 8). In particular, Sands contend that plaintiffs fail to allege adequate facts to support their allegation that plaintiffs made complaints protected by § 215(a)(3). (ECF No. 19 at 9). The court agrees.

The FLSA provides that it is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]." 29 U.S.C. § 215(a). "To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Rosenfield v. GlobalTranz Enters., Inc.*, 811 F.3d 282, 286 (9th Cir. 2015), *cert. denied*, 137 S. Ct. 85 (2016) (quoting *Kasten v. Saint–Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1335 (2011)).

The Ninth Circuit has held that complaints to an employer may constitute protected action under the FLSA. *Lambert*, 180 F.3d at 1004 (applying broad remedial purpose of FLSA to find that complaints with employer are "related to" FLSA, thus qualifying them under retaliation provision). However, merely complaining about overtime to a supervisor absent a formal

complaint or instituting an FLSA proceeding is insufficient to state a retaliation claim under the FLSA. *Id.* at 1015.

Here, the complaint merely alleges that "[a]fter [p]laintiffs voiced that they were entitled to overtime, the [d]efendants began to retaliate against them." (ECF No. 1 at 30). Plaintiffs do not allege that any formal complaints were filed or any FLSA proceedings were instituted. Thus, plaintiffs have failed to sufficiently state a FLSA retaliation claim.

Accordingly, the court will grant Sands' motion to dismiss as to plaintiffs' FLSA retaliation claim.

## IV. Conclusion

Based on the aforementioned, the court will dismiss without prejudice plaintiffs' overtime and retaliation claims against defendants Interface, Las Vegas Sands Corp., and Las Vegas Sands, LLC. Further, the court will dismiss without prejudice plaintiffs' retaliation claim against Sands. Therefore, plaintiffs' FLSA overtime claim against defendant Sands Aviation, LLC survives.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Interface's motion to dismiss (ECF No. 18) be, and the same hereby is, GRANTED WITHOUT PREJUDICE consistent with the foregoing.

IT IS FURTHER ORDERED that Sands' motion to dismiss (ECF No. 19) be, and the same hereby is, GRANTED WITHOUT PREJUDICE consistent with the foregoing.

IT IS FURTHER ORDERED that the parties' stipulation to extend time (ECF No. 21) be, and the same hereby is, GRANTED *nunc pro tunc* to May 17, 2017.

DATED July 5, 2017.

                                                                                                UNITED STATES DISTRICT JUDGE