**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com

**JUSTINE A. HARRISON, CHTD.**
Justine A. Harrison, Esq.
Nevada Bar No. 9825
848 N. Rainbow Blvd., #1540
Las Vegas, Nevada 89107
Telephone: (702) 720-4980
Facsimile: (702) 852-0983
jharrison@harrisoncounsel.com
*Attorneys for Plaintiffs Sean Kennedy,*
*Andrew Snider, Christopher Ward,*
*Randall Weston and Ronald Williamson*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SEAN KENNEDY, an individual; ANDREW SNIDER, an individual, CHRISTOPHER WARD, an individual; RANDALL WESTON, an individual; and RONALD WILLIAMSON, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>LAS VEGAS SANDS CORP., a Domestic Corporation; SANDS AVIATION, LLC, a Domestic Limited-Liability Company;<br><br>Defendants. | CASE NO.: 2:17-cv-00880-JCM-VCF<br><br>**STIPULATION AND ORDER TO SET LIMITED BRIEFING DEADLINES AND DISCOVERY CONFERENCE REGARDING DEFENDANTS' 30(B)(6) WITNESS DEPOSITIONS** |

COME NOW Plaintiffs, by and through their attorneys of record, and Defendants, by and through their attorneys of record, and hereby stipulate to set a limited briefing schedule and a discovery conference regarding Defendants' 30(b)(6) witness depositions.

Plaintiffs served their Second Amended Notice of Taking the Videotaped Deposition(s) of

Page 1 of 6

Defendants' FRCP 30(b)(6) Witness(es) on June 28, 2018 (a separate Notice was sent to both Las Vegas Sands Corp. and Sands Aviation, LLC). *See* **Exhibit 1**, attached. The Plaintiffs have noticed the 30(b)(6) depositions pertaining to the following topics:

1. Policies and procedures pertaining to Defendants' position that Plaintiffs and similarly situated pilots are exempt from overtime under the Fair Labor Standards Act of 1938 (FLSA). The temporal limitation with respect to this topic encompasses the policies and procedures that were in place between March 27, 2014 and March 27, 2017. However, to the extent that any policies and procedures in place prior to this time period may be relevant to said time period, a 30(b)(6) witness should be prepared to testify to this extent as well. Moreover, if there are no policies and procedures, the witness should be prepared to testify as to the reason for a lack of policies and procedures.

2. The substance of non-privileged conversations, or lack thereof, between decision makers at Las Vegas Sands Corp. and/or Sands Aviation, LLC concerning the position that the Plaintiffs and similarly situated pilots are exempt from being paid overtime. This includes the particulars: dates and times of all verbal and written discussions, persons involved in the discussions and the mode of communication. The temporal limitation with respect to this topic encompasses the non-privileged conversations that took place between March 27, 2014 and March 27, 2017. However, to the extent that any non-privileged conversations that took place before this time period resulted in Plaintiffs being deemed exempt during the time period, a 30(b)(6) witness should be prepared to testify to this extent as well.

3. The relationship between Las Vegas Sands Corp. and Sands Aviation, LLC as it relates to aviation and human resources issues. The temporal limitation on this topic is limited to the relationship between the parties between March 27, 2014 and March 27, 2017. To the extent that events or transactions that occurred between Las Vegas Sands Corp. and Sands Aviation, LLC prior to this time period may be relevant to the parties' relationship during the time period, a 30(b)(6) witness should be prepared to testify to this extent as well.

4. Plaintiffs' specific job responsibilities and duties (including alleged discretionary responsibilities and duties) between March 27, 2014 to March 27, 2017. To the extent an occurrence outside this time period may be relevant to Plaintiffs' job responsibilities and duties during this time period, a 30(b)(6) witness should be prepared to testify to this extent as well.

5. All policies and procedures Plaintiffs were expected to comply with as delineated in the General Operations Manual between March 24, 2014 and March 27, 2017.

6. The decision to determine the rate of pay (salary, hourly, and/or overtime) applicable to each of the Plaintiffs' wages throughout their employment. The rate of pay is limited to the time period between March 27, 2014 and March 27, 2017. To the extent that a decision or decisions regarding rate of pay were made prior to March 27, 2014, and that decision was relevant to a Plaintiff's rate of pay during the 3 years noted in this topic, a 30(b)(6) witness should be prepared to testify to this extent as well.

/ / /

7. The written and verbal discussions that triggered the reclassification of certain of Defendants' aviation employees with respect to a statutory right to overtime. This topic includes the particulars: dates and times of all pertinent verbal and written discussions, persons involved in the discussions, and the mode of communication. The temporal limitation on this request is limited to the time period between March 27, 2014 and March 27, 2017. To the extent that any discussions that occurred prior to March 27, 2014 are relevant to the foregoing three (3) year time period, a 30(b)(6) witness should be prepared to testify to this extent as well.

8. Defendants' efforts, if any, to secure an opinion letter from a governmental agency pertaining to pilots being paid overtime. The temporal limitation pertaining to this limitation includes the time period of March 27, 2014 and March 27, 2017. However, to the extent that Defendants' efforts, if any, prior to March 27, 2014, are relevant to Plaintiffs' claim for overtime during the relevant time period, a 30(b)(6) witness should be prepared to testify to this extent as well.

9. The matters identified in Plaintiffs' job description(s) contained in attached Exhibit 1. This topic includes all dates said job description was posted between March 27, 2014 and March 27, 2017 on Defendants' website or that of an affiliated subsidiary of Las Vegas Sands Corp.

10. Defendants' policies and procedures concerning Plaintiffs' work schedules (i.e. request for time off, approved FLEX time off, on-call, scheduled days off, scheduled days to work, pop –up flights scheduled, accruing vacation days, and trading on-call responsibilities) that were in effect on between March 27, 2014 and March 27, 2017.

11. Defendants' fuel selection and location policies and procedures in effect between March 27, 2014 and March 27, 2017.

12. Defendants' policies and procedures on administering discipline, progressive discipline for absences and tardiness, up through and including termination as pertaining to the Plaintiffs between March 27, 2014 and March 27, 2017.

13. Defendants' policies and procedures for submitting expense reports as pertaining to the Plaintiffs between March 27, 2014 and March 27, 2017.

14. Defendants' policies and procedures for investigating or submitting maintenance request(s) responsive to Plaintiffs' complaints regarding unsafe aircraft between March 27, 2014 and March 27, 2017.

15. Defendants' policies and procedures for employing foreign nationals in the positions of pilots and flight attendants between March 27, 2014 and March 27, 2017.

16. Defendants' policies with respect to compliance with the Customs and Border Patrol Visa Waiver Program between March 27, 2014 and March 27, 2017.

17. Defendants' written policies and procedures concerning pilot fatigue between March 27, 2014 and March 27, 2017.

/ / /

18. Defendants' written policies and procedures concerning a pilot's ability to remove patrons from the plane if consumed illegal drugs while on the aircraft. This topic is limited to policies and procedures that were in effect between March 27, 2014 and March 27, 2017.

19. Defendants' policies and procedures for compliance with FAA regulations. This topic is limited to policies and procedures that were in effect between March 27, 2014 and March 27, 2017.

20. Defendants' policies and procedures pertaining to a pilot's ability to deny passengers to fly on aircraft piloted by the Defendants' employees. This topic is limited to policies and procedures that were in effect between March 27, 2014 and March 27, 2017.

21. Defendants' policies and procedures with complying with 14 CFR § 61.89(a)(1). This topic is limited to policies and procedures that were in effect between March 27, 2014 and March 27, 2017.

22. Defendants' policies and procedures for Plaintiffs' to reserve air travel, hotel reservations, car rental and grocery items for Defendant's guests and family members of executives. This topic is limited to policies and procedures that were in effect between March 27, 2014 and March 27, 2017.

23. Defendants' policies and procedures regarding a Plaintiff's ability to cancel flights if patrons did not show at the initial scheduled time of the flight. This topic is limited to policies and procedures that were in effect between March 27, 2014 and March 27, 2017.

24. Defendants' policies and procedures, or the reason for a lack thereof, regarding compliance with 29 USCA § 207(a), and 29 USC § 255(a). This topic is limited to policies and procedures that were in effect between March 27, 2014 and March 27, 2017.

25. Defendants' policies and procedures that identify how defendants calculate compensation, overtime and salary for plaintiffs' position. This topic is limited to policies and procedures that were in effect between March 27, 2014 and March 27, 2017.

26. Defendants' policies and procedures, or lack thereof, concerning compliance with the FLSA on classifying its employees for overtime purposes. This topic is limited to policies and procedures that were in effect between March 27, 2014 and March 27, 2017.

27. All software that was used as a scheduling tool pertaining to Plaintiffs' time off and FLEX time information between March 27, 2014 and March 27, 2017.

28. All training requirements and continued training and/or education requirements for each Plaintiff in their respective position held with Defendant. This topic is limited to training and education requirements that were in effect between March 27, 2014 and March 27, 2017.

29. All agreements signed by the Plaintiffs with Defendants and any of their affiliates or subsidiaries. This is limited to agreements produced by any party in this litigation including, but not limited to, confidentiality agreement produced by the Defendants' counsel prior to litigation.

30. Maintenance for the aircraft flown by the Plaintiffs for the flight department between March 27, 2014 and March 27, 2017.

31. Letters of authorization and operating specifications for each aircraft flown by the Plaintiffs for the flight department between March 27, 2014 and March 27, 2017.

32. All policies and procedures in effect between March 27, 2014 and March 27, 2017 with respect to how the pilots and flights are scheduled and approved.

The defendants' object to producing witnesses as to the following topics:

- Sands Aviation, LLC objects to producing a witness(es) for topics 1, 2, 8, 15, 16, 18, 24, 30, and 31.

- Las Vegas Sands Corp. objects to producing a witness(es) for all topics with the exception of topic 3.

The parties held multiple meet and confer teleconferences to discuss their respective positions on producing witness(es) for Plaintiffs' issued topics. The meet and confer teleconferences were held on June 11, 2018, June 19, 2018, June 29, 2018, July 3, 2018, July 10, 2018, and July 18, 2018. Ultimately, the parties are at a standstill and need the Court's intervention in order to proceed with scheduling depositions. In an effort to avoid unnecessary motion practice and to avoid further delay as a result, the parties agree to submit a memorandum to the Court outlining their position with regard to the reason(s) why each aforementioned topic should/should not move forward for deposition scheduling. The parties also request that this Court rule on which topics identified above shall proceed forward and deposition(s) will be scheduled thereafter for each topic. Additionally, the parties agree that the Court shall order a discovery conference to provide its ruling on what topics shall be scheduled, and that the depositions will need to take place before October 1, 2018 (the current close of discovery deadline).

/ / /

/ / /

/ / /

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway, Suite 241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

Therefore, the parties agree to the following deadline:

**DEADLINE TO SUBMIT MEMORANDUM TO COURT:     August 6, 2018.**

**IT IS SO STIPULATED AND AGREED.**

DATED this 31st day of July, 2018.                    DATED this 31st day of July, 2018.

**LAGOMARSINO LAW**                                    **OGLETREE, DEAKINS, NASH,
                                                       SMOAK & STEWART, P.C.**

 /s/ Andre M. Lagomarsino, Esq.                         /s/ Dana B. Salmonson, Esq.
ANDRE M. LAGOMARSINO, ESQ.                             Dana B. Salmonson, Esq. (#11180)
Nevada Bar No. 6711                                    Anthony L. Martin, Esq. (#8177)
3005 W. Horizon Ridge Pkwy., #241                      3800 Howard Hughes Parkway, Suite 1500
Henderson, Nevada 89052                                Las Vegas, Nevada 89169
                                                       *Attorneys for Defendants Las Vegas Sands
JUSTINE A. HARRISON, CHTD.                             Corp. and Sands Aviation, LLC*
Justine A. Harrison, Esq.
Nevada Bar No. 9825
848 N. Rainbow Blvd., #1540
Las Vegas, Nevada 89107
*Attorneys for Plaintiffs Sean Kennedy,
Andrew Snider, Christopher Ward,
Randall Weston and Ronald Williamson*

## ORDER

**IT IS ORDERED** that:

1. Plaintiffs and Defendants shall have until **August 6, 2018** to file a memorandum to the Court outlining the reason why each topic from Plaintiffs' Second Amended Notice of 30(b)(6) Deposition to Defendants shall/shall not proceed.

2. A discovery conference is set for  10:00 AM  on  August 13 , 2018.  in Courtroom 3D.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 7-31-2018

34980747.1

Page 6 of 6