# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

SEAN KENNEDY, *et al.*,

        Plaintiffs,

vs.

LAS VEGAS SAND CORP., *et al.*,

        Defendants.

2:17-CV-00880-JCM-VCF

**ORDER**

    Before the court are Defendants' Motion for Leave to File Exhibits to Defendants' Motion for Summary Judgment Regarding Joint Employment Under Seal (ECF No. 148) and Defendants' Motion for Leave to File Exhibits to Defendants' Motion for Summary Judgment on Plaintiffs' Claim for Waiting Time Under Seal (ECF No. 149).

    "Courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations and quotations omitted). The Ninth Circuit begins with "a strong presumption in favor of access." *Id.* However, the public's right to access is "not absolute." *Id.* Federal Rule of Civil Procedure 26(c) allows the Court to issue a protective order to govern discovery, as necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense."

    The Court may allow a party to file a document under seal without redaction, pursuant to Fed. R. Civ. P. 5.2(d). Local Rule IA 10-5 explains that a party may file a document with the court under seal if accompanied by a motion for leave to file those documents under seal.

The moving party must overcome the presumption of access by citing "compelling reasons supported by specific factual findings" to seal documents regarding a dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz 331 F.3d at 1135 (citations and internal punctuation omitted)). These reasons provided must be compelling enough to overcome the public's interest in access to those documents. *Id.* Such compelling reasons exist when there is potential for documents to "become a vehicle for improper purposes" such as the gratification of private spite, promotion of public scandal, circulation of libelous statements or the release of trade secrets. *Id.* at 1179. The Court's decision to seal certain judicial records must not rely on "hypothesis or conjecture." *Id.* Thus, Defendants must show a "compelling reason" why each of the exhibits it has requested to file under seal outweigh the public's interest in "understanding the judicial process." *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990).

After reviewing the exhibits, the Court agrees that they include confidential information and there is compelling reason for them to remain under seal. The Court will allow the exhibits to ECF Nos. 148 and 149 to remain under seal. However, the motions' brief themselves do not contain any confidential information.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion for Leave to File Exhibits to Defendants' Motion for Summary Judgment Regarding Joint Employment Under Seal (ECF No. 148) and Defendants' Motion for Leave to File Exhibits to Defendants' Motion for Summary Judgment on Plaintiffs' Claim for Waiting Time Under Seal (ECF No. 149) are GRANTED.

The Clerk of Court is directed to unseal the motions for leave to file exhibits under seal (ECF Nos. 148 and 149). The exhibits to ECF Nos. 148 and 149 remain under seal.

DATED this 5th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE