# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| SEAN KENNEDY, individual; ANDREW SNIDER; individual, CHRISTOPHER WARD; individual, RANDALL WESTON, individual; RONALD WILLIAMSON, individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SANDS AVIATION, LLC, a Domestic Limited Liability Company; LAS VEGAS SANDS CORP., a Domestic Corporation,<br><br>Defendants. | 2:17-CV-00880-JCM-VCF<br>**<u>ORDER</u>** |

Before the court are the following Plaintiffs' Motion for Leave to File Appendices (Vol. I and II) to Plaintiffs' Opposition (ECF No. 156) to Defendants' Motion for Summary Judgment (ECF NO. 144) Under Seal (ECF No. 163), Plaintiffs' Motion For Leave To File Appendix (Vol. I) To Plaintiffs' Opposition (ECF No. 154) To Defendants' Motion For Summary Judgment (ECF No. 145) Under Seal (ECF No. 164), and Plaintiffs' Motion For Leave To File Appendix (Vol. I) To Plaintiffs' Opposition (ECF No. 159) To Defendants' Motion For Summary Judgment (Ec. No. 146) Under Seal (ECF No. 165).

## Discussion

The Ninth Circuit has emphasized a strong presumption in favor of access to court records and documents. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This general right to public documents, however, is not absolute. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). The Court may allow a party to file a document under seal without redaction, pursuant to Fed. R.

Civ. P. 5.2(d). Local Rule IA 10-5 explains that a party may file a document with the court under seal if accompanied by a motion for leave to file those documents under seal.

The moving party must overcome the presumption of access by citing "compelling reasons supported by specific factual findings" to seal documents regarding a dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz* 331 F.3d at 1135 (citations and internal punctuation omitted)). These reasons provided must be compelling enough to overcome the public's interest in access to those documents. *Id.* Such compelling reasons exist when there is potential for documents to "become a vehicle for improper purposes" such as the gratification of private spite, promotion of public scandal, circulation of libelous statements or the release of trade secrets. *Id.* at 1179. The Court's decision to seal certain judicial records must not rely on "hypothesis or conjecture." *Id.* Thus, Plaintiffs must show a "compelling reason" why each of the exhibits they have requested to file under seal outweigh the public's interest in "understanding the judicial process." *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990).

Plaintiffs state that the appendices include the travel arrangements of the Adelson family and identification of passengers on flights. The parties have agreed in the stipulated protective order (ECF NO. 143) to keep the information confidential to protect the safety of those individuals identified. There are some exhibits in the appendices that contain the travel arrangements of the Adelson family and identification of passengers on flights; however, not all exhibits in the appendices contain such information.

Plaintiffs have not explained why particular exhibits that do not contain any travel arrangements of the Adelson family and/or identification of passengers on flights, should be sealed. *Kamakana*, 447 F.3d at 1179. More specificity is required to support the claim that compelling reason exists to seal particular exhibits on travel arrangements of the Adelson family and/or identification of passengers on flights.

Defendants, if they wish, may file a motion to seal these exhibits which must (1) either sufficiently articulates, giving specific facts, what compelling reasons exist to justify the sealing of all documents listed in the appendices, or (2) sufficiently articulates, giving specific facts, what compelling reasons exist to justify the sealing of particular documents in the appendices.

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Appendices (Vol. I and II) to Plaintiffs' Opposition (ECF No. 156) to Defendants' Motion for Summary Judgment (ECF NO. 144) Under Seal (ECF No. 163), Plaintiffs' Motion For Leave To File Appendix (Vol. I) To Plaintiffs' Opposition (ECF No. 154) To Defendants' Motion For Summary Judgment (ECF No. 145) Under Seal (ECF No. 164), and Plaintiffs' Motion For Leave To File Appendix (Vol. I) To Plaintiffs' Opposition (ECF No. 159) To Defendants' Motion For Summary Judgment (Ec. No. 146) Under Seal (ECF No. 165), are DENIED without prejudice.

IT IS HEREBY ORDERED that the appendices (ECF Nos. 155, 157, 158, and 161) will remain temporarily sealed until May 8, 2019. If defendants have not filed a motion to seal as described above, on or before May 9, 2019, the appendices must be unsealed. If such a motion is timely filed, the documents must remain sealed pending further order of the court.

DATED this 24th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE