# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

SEAN KENNEDY, *et al.*,

        Plaintiffs,

vs.

LAS VEGAS SANDS CORP., *et al.*,

        Defendants.

Case No. 2:17-cv-00880-JCM-VCF

**ORDER**

MOTIONS FOR LEAVE TO FILE EXHIBITS UNDER SEAL OR REDACTED [ECF NOS. 178, 179]

Before the Court are two Motions by Defendants Sands Aviation and Las Vegas Sands Corp. for Leave to File Certain Exhibits under Seal or Redacted. (ECF Nos. 178, 179). For the reasons discussed below, the motions are granted in part and denied in part.

## BACKGROUND

Defendants filed three Motions for Summary Judgment on February 25, 2019: Motion for Summary Judgment Regarding Plaintiffs' Exempt Status (ECF 144), Motion for Summary Judgment Regarding Joint Employment (ECF No. 145), and Motion for Summary Judgment On Plaintiff's Claim Waiting for Time[1] (ECF No. 146). Plaintiffs filed Responses to all three Motions on April 2, 2019. (ECF Nos. 156, 154, 159, respectively). With these Responses, Plaintiffs filed Appendices. (ECF Nos. 155, 157, 158, 161).

On April 3, 2019, Plaintiffs filed motions to seal these Appendices in their entirety. (ECF Nos. 163-165). This Court denied the Motions to Seal without prejudice for Plaintiffs' failure to give specific and compelling reasons to seal the exhibits requested. (ECF No. 174 at 2). This Court Ordered that the

---

[1] The Court has since stricken this Motion. (ECF No. 180).

1

Appendices would, "remain temporarily sealed until May 8, 2019," to give either party the opportunity to allege specific and compelling reasons to seal the exhibits. (*Id.* at 3). The Court also stated that, "if Defendants have not filed a motion to seal as described above, on or before May 9, 2019, the appendices must be unsealed." (*Id.*).

Plaintiffs filed no further motions to seal. On May 9, 2019, Defendants filed two motions to maintain ECF Nos. 157, 158, and 161 under seal or to unseal the Appendices with proposed redactions. (ECF Nos. 178, 179). Defendants filed no motion regarding ECF No. 155. For the following reasons, the Court denies Defendants' request to file all Appendices under seal but grants their request to file certain Exhibits with proposed redactions.

**ANALYSIS**

To keep a document under seal, the moving party must overcome the Ninth Circuit's strong presumption favoring public access to court records and documents. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598(1978). To overcome this presumption the moving party must show "compelling reasons supported by specific factual findings," to seal documents regarding a dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135 (citations and internal punctuation omitted)). The reasons provided must be compelling enough to overcome the public's interest in access to those documents. *Id*. Such compelling reasons exist when there is potential for documents to "become a vehicle for improper purposes," such as the gratification of private spite, promotion of public scandal, circulation of libelous statements or the release of trade secrets. *Id*. at 1179. The Court's decision to seal certain judicial records must not rely on "hypothesis or conjecture." *Id*. Defendants must show a compelling reason demonstrating why each of the exhibits they have requested to file under seal outweigh

the public's interest in "understanding the judicial process." *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990).

I.  Appendix to Motion for Summary Judgement Regarding Joint Employment (ECF No. 155)

This Court finds no compelling reason to seal the Appendix attached to Plaintiffs' Response to Defendant's Motion for Summary Judgement Regarding Joint Employment. (ECF No. 155). The Court Denied Plaintiffs' previous Motion to Seal this Appendix without prejudice. (ECF Nos. 164, 174). Neither party brought a new Motion to Seal as to this Appendix before the deadline of May 9, 2019. (ECF No. 174 at 3). The Appendix will be unsealed per Court Order pursuant to Local Rule IA 10-5(b). (ECF No. 174).

II. Appendices to Other Motions for Summary Judgment (ECF Nos. 157, 158, 161)

This Court finds compelling reason to accept Defendants' proposed redactions to certain Exhibits in the remaining Appendices. (ECF Nos. 178 and 179). The Court may allow a party to file a document under seal without redaction pursuant to Federal Rule of Civil Procedure 5.2(d). The Court may later unseal those documents or order the filing party to file a redacted version for the public record. Fed. R. Civ. Pro. 5.2(d). Parties may file a document with the court under seal if accompanied by a Motion for Leave to File those documents under seal. LR IA 10-5.

Defendants state the Appendices in ECF Nos. 157, 158, and 161 include personal travel arrangements and identification of passengers on flights. (ECF Nos. 178 at 3; 179 at 3). The parties have agreed in the stipulated protective order (ECF No. 143) to keep the information confidential to protect the safety of those individuals identified. (*Id*. at 2-3). There are some exhibits in these Appendices that contain identification of passengers and family members on flights. However, not all exhibits in these Appendices contain such information. (*See e.g.*, ECF No. 157-4) (containing a flight manual).

Defendants have not explained why exhibits not containing identifying information with respect to passengers on flights or family members should be sealed. *Kamakana*, 447 F.3d at 1179. Therefore, the exhibits not containing identifying information must be unsealed. In the alternative to sealing the Appendices in their entirety, Defendants do propose limited redactions to certain exhibits, which omit only names and information that could be used to identify passengers for these exhibits. (ECF No. 178 at 2; ECF No. 179 at 2). Allowing such limited redactions on these exhibits balances the interest of the parties in preventing the documents from becoming a vehicle for improper purposes with the Public's interest in access to the documents. *Kamakana*, 447 F.3d at 1178.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' previous Motions to Seal (ECF Nos. 163-165) and their attachments be unsealed.

IT IS ORDERED that Defendants' Motions for Leave to File Certain Exhibits under Seal or Redacted (ECF Nos. 178, 179) are GRANTED IN PART AND DENIED IN PART as outlined below.

IT IS ORDERED that the entire Appendix to Plaintiffs' Response to Defendants' Motion for Summary Judgment Regarding Joint Employment (ECF Nos. 155, 155-1 through 155-33) be unsealed.

IT IS ORDERED that the following Exhibits located in Appendix Vol. I of Plaintiffs' Response to Defendants' Motion for Summary Judgement Regarding Plaintiffs' Exempt Status (ECF No. 157) be unsealed:

1. Table of Contents (ECF No. 157),
2. Exhibits 1-4 (ECF Nos. 157-1 through 157-4),
3. Exhibits 6-21 (ECF Nos. 157-6 through 157-21),
4. Exhibit 23 (ECF No. 157-23), and
5. Exhibit 24 (ECF No. 157-24).

IT IS ORDERED that the following Exhibits located in Appendix Vol. I of Plaintiffs' Response to Defendants' Motion for Summary Judgement Regarding Plaintiffs' Exempt Status (ECF No. 157) remain sealed:

1. Exhibit 5 (ECF No. 157-5),
2. Exhibit 22 (ECF No. 157-22), and
3. Exhibit 25 (ECF No. 157-25).

IT IS ORDERED that the following Exhibits located in Appendix Vol. II of Plaintiffs' Response to Defendants' Motion for Summary Judgement Regarding Plaintiffs' Exempt Status (ECF No. 158) be unsealed:

1. Table of Contents (ECF No. 158),
2. Exhibit 26 (ECF No. 158-1),
3. Exhibits 28-30 (ECF Nos. 158-3 through 158-5),
4. Exhibit 32 (ECF No. 158-7),
5. Exhibit 34 (ECF No. 158-9),
6. Exhibit 35 (ECF No. 158-10), and
7. Exhibit 36 Parts 1-6 (ECF No. 158-11 through 158-16).

IT IS ORDERED that the following Exhibits located in Appendix Vol. II of Plaintiffs' Response to Defendants' Motion for Summary Judgement Regarding Plaintiffs' Exempt Status (ECF No. 158) remain sealed:

1. Exhibit 27 (ECF No. 158-2),
2. Exhibit 31 (ECF No. 158-6), and
3. Exhibit 33 (ECF No. 158-8).

IT IS ORDERED that the following exhibits located in the Appendix to Plaintiffs' Response to Defendants' Motion for Summary Judgement on Plaintiffs' Claim Waiting for Time (ECF No. 161) be unsealed:

1. Table of Contents (ECF No. 161),
2. Exhibits 1-3 (ECF Nos. 161-1 through 161-3),
3. Exhibit 6 (ECF No. 161-6),
4. Exhibit 7 (ECF No. 161-6),
5. Exhibit 15-23 (ECF No. 161-14 through 161-22),

6. Exhibits 25-38 (ECF Nos. 161-24 through 161-37),
7. Exhibit 40 (ECF No. 161-39),
8. Exhibit 41 (ECF No. 161-40),
9. Exhibit 44 (ECF No. 161-43),
10. Exhibit 45 (ECF No. 161-44),
11. Exhibits 47-49 (ECF Nos. 161-46 through 161-48),
12. Exhibits 52-56 (ECF Nos. 161-51 through 161-55),

IT IS ORDERED that the following exhibits located in the Appendix to Plaintiffs' Response to Defendants' Motion for Summary Judgement on Plaintiffs' Claim Waiting for Time (ECF No. 161) remain sealed:

1. Exhibit 4 (ECF No. 161-4),
2. Exhibit 5 (ECF No. 161-5),
3. Exhibit 8-14 (ECF Nos. 161-7 through 161-13),
4. Exhibit 24 (ECF No. 161-23),
5. Exhibit 39 (ECF No. 161-38),
6. Exhibit 42 (ECF No. 161-41),
7. Exhibit 43 (ECF No. 161-42),
8. Exhibit 46 (ECF No. 161-45),
9. Exhibit 50 (ECF No. 161-49), and
10. Exhibit 51 (ECF No. 161-50).

IT IS ORDERED that Defendants' Motions to Seal (ECF Nos. 178 and 179) and their attachments be unsealed.

IT IS ORDERED that Defendants file the following Exhibits **not under seal, in their entirety** with their proposed redactions as contained in ECF Nos. 178 and 179 by June 27, 2019:

1. ECF No. 157-5 (with proposed redactions at 4),
2. ECF No. 157-22 (with proposed redactions at 2), and
3. ECF No. 157-25 (with proposed redactions at 3),

4. ECF No. 158-2 (with proposed redactions at 5-7),
5. ECF No. 158-6 (with proposed redactions at 2-3), and
6. ECF No. 158-8 (with proposed redactions at 3).

7. ECF No. 161-4 (with proposed redactions at 4 and 22),
8. ECF No. 161-5 (with proposed redactions at 2),
9. ECF No. 161-7 (with proposed redactions at 2),

10. ECF No. 161-8 (with proposed redactions at 2-5),
11. ECF No. 161-9 (with proposed redactions at 2),
12. ECF No. 161-10 (with proposed redactions at 2),
13. ECF No. 161-11 (with proposed redactions at 2),
14. ECF No. 161-12 (with proposed redactions at 3),
15. ECF No. 161-13 (with proposed redactions at 2),
16. ECF No. 161-23 (with proposed redactions at 14)
17. ECF No. 161-38 (with proposed redactions at 2),
18. ECF No. 161-41 (with proposed redactions at 2),
19. ECF No. 161-42 (with proposed redactions at 2-5),
20. ECF No. 161-45 (with proposed redactions at 2),
21. ECF No. 161-49 (with proposed redactions at 2), and
22. ECF No. 161-50 (with proposed redactions at 2).

DATED this 20th day of June 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE