UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SEAN KENNEDY, et al., | Case No. 2:17-CV-880 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS SANDS CORP., et al., | |
| Defendant(s). | |

Presently before the court are defendants Las Vegas Sands Corp. and Sands Aviation, LLC's ("collectively defendants") combined motions *in limine* (ECF Nos. 253, 254, 255, 256, 257), to which plaintiffs Sean Kennedy, Andrew Snider, Christopher Ward, Randall Weston, Ronald Williamson. ("collectively plaintiffs") responded (ECF Nos. 262, 264, 265, 266, 267).

**I.  Background**

The instant action arises from an alleged breach of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). (ECF No. 253 at 3). Plaintiffs, who are pilots, allege that defendants misclassified them as exempt salaried employees under the FLSA, thus owing them years of unpaid overtime, liquidated damages, and attorney fees for violations of the FLSA. (*Id*.). Specifically, plaintiffs seek compensation for the hours (of day or night) spent waiting between flight assignments. (*Id*.). The crux of the case turns on the determination of when—or if— overtime pay is due to the plaintiff pilots for these "on-call" waiting periods.

Defendants now bring several motions *in limine* to limit various types of evidence anticipated at trial.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

"The court must decide any preliminary question about whether . . . evidence is admissible." FED. R. EVID. 104.  Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings before trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980).  Motions *in limine* may be used to exclude or admit evidence before trial.  *See* FED. R. EVID. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*.  *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").  "[I]n *limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

a. <u>Defendants' motion *in limine* no. 1 to exclude reports and testimony of plaintiffs' accounting expert witness Steve Martin (ECF No. 253)</u>

Steve Martin is a certified public accountant in practice for the last 23 years and has regularly served as an expert witness in prior complex litigation. (ECF No. 262 at 15).

Defendants contend that Mr. Martin's testimony regarding the calculation of overtime wages does not require specialized knowledge, is not based on sufficient data, and is unreliable since he is (admittedly) not an expert on the FLSA. (ECF No. 253). The court disagrees.

Federal Rule of Evidence 702 controls the court's determination of whether to strike a proposed expert witness. "*Daubert*'s general holding—setting forth the trial judge's general 'gatekeeping' obligation—applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). This "gatekeeping obligation" requires "that all admitted expert testimony is both relevant and reliable." *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017). Expert testimony must be relevant and reliable, and it must "relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs." *Guidroz–Brault v. Missouri Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001).

Exclusion of expert testimony is proper only when such testimony is irrelevant or unreliable because "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

Mr. Martin is identified as an accounting expert, not an FLSA expert. His primary role is to determine the amount of overtime pay owed to each of the plaintiffs *if* they prevail on their liability claims under the FLSA; his report does not offer a legal conclusion as to *whether* they should prevail. Thus, his testimony appears to be relevant, reliable, and based on technical or other specialized knowledge, such as the calculation of complex damages based on wages.

If there are any defects in Mr. Martin's calculations or analysis, defendants may address those during cross-examination and provide contrary evidence.

James C. Mahan
U.S. District Judge

- 3 -

Accordingly, the court DENIES defendants' motion *in limine* No. 1 (ECF No. 253).

b. <u>Defendants' motion *in limine* no. 2 to exclude the report and testimony of plaintiffs' expert witness Christopher Poreda (ECF No. 254)</u>

Mr. Poreda is an aviation lawyer with 25 years of experience in the Federal Aviation Administration ("FAA") Office of the Chief Counsel and more than 40 years of experience as a pilot. (ECF No. 267 at 3).

Defendants assert that Poreda's testimony regarding Federal Aviation Regulations ("FAR") is irrelevant to the plaintiff pilots' alleged entitlement to overtime compensation and that it offers inappropriate legal conclusions. (ECF No. 254 at 2). Defendants also contend that any conclusions regarding purported violations of FAR and potential federal legal enforcement are inadmissible character evidence. (*Id.*).

Plaintiffs assert that Poreda's testimony sheds light on the "connective tissue" between the FLSA and FAR. (ECF No. 253 at 8). They specifically contend that his testimony will assist the jury in understanding the industry standards surrounding pilot waiting times in private charter operations as reflected by the FAA, FAR, and aviation law.

Relevant evidence is admissible unless another rule or statute proscribes it. Fed. R. Evid. 402. Evidence is relevant if it tends to make a fact of consequence more or less probable. Fed. R. Evid. 401. "A rule of thumb is to inquire whether a reasonable man might believe the probability of the truth of the consequential fact to be different if he knew of the proffered evidence." *United States v. Brashier*, 548 F.2d 1315, 1325 (9th Cir. 1976) (quotation marks and citation omitted).

"Assessing the probative value of the proffered evidence and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403." *Acosta v. City of Costa Mesa*, 718 F.3d 800, 827 (9th Cir. 2013) (quoting *United States v. Abel*, 469 U.S. 45, 54, 105 S. Ct. 465, 83 L. Ed. 2d 450 (1984) (quotation marks, ellipses, and alteration omitted)).

The court agrees with plaintiffs in part. Poreda's testimony is reliable given his extensive experience and expertise as both a pilot and aviation lawyer. Furthermore, his testimony is relevant

**James C. Mahan**
**U.S. District Judge**

as it relates to the industry standards in the aviation industry since it could assist the jury in understanding the expectations of pilots who are "on-call" when working for a charter operation. Defendants will have the opportunity at trial to provide contrary evidence if there is any defect in Poreda's testimony.

Moreover, upon review of Poreda's expert report and proposed testimony, the court finds that the issues he opines on relate to aviation industry standards as applied to the facts of the case, not legal conclusions.[1]  (*See* ECF No. 267-2, Christopher Poreda Expert Report).  The Ninth Circuit has held that "[a]lthough it is well established that experts may not give opinions as to legal conclusions, experts may testify about industry standards." *King v. GEICO Indemnity Company*, 712 Fed.Appx. 649, 651 (9th Cir. 2017) (citing *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1010, 1016 (9th Cir. 2004) (holding that testimony that an insurance company deviated from industry standards did not constitute a legal conclusion).

Lastly, however, Poreda's testimony as to whether defendants can be subject to federal legal enforcement action for purported violations of the FARs is inadmissible evidence of other crimes, wrongs, or acts under FRE 404, which prohibits evidence of any other crime, wrong, or act used to prove a person's character "in order to show that on a particular occasion the person acted in accordance with the character."[2]  To the extent Poreda's testimony attempts to use defendants' purported violations of other (non-FLSA) federal regulations—which are not at issue in this case—it is inadmissible character evidence.

Accordingly, the court GRANTS in part and DENIES in part defendants' motion *in limine* No. 2 consistent with the foregoing.[3]

. . .

. . .

---

[1] Furthermore, his expert opinion on any ultimate issues in the case appears to conform with FRE 704.

[2] Notably, plaintiffs do not address this aspect of Poreda's testimony in their response to defendants' motion *in limine* on this issue.

[3] For clarity, question six (6) in Mr. Poreda's report (see ECF 267-2 at 6) should be redacted as inadmissible character evidence before the report may be admitted into evidence, if plaintiffs so elect.

**James C. Mahan**
**U.S. District Judge**

  c. <u>Defendants' motion *in limine* no. 3 to preclude purported FAA regulatory compliance issues and investigations (ECF No. 255)</u>

To begin with, plaintiffs appear to agree to withdraw and not reference the 16 exhibits defendants oppose, which refer to FAA regulatory compliance (*see* ECF No. 255 at 3–4).[4]  Thus, that part of the motion is moot.

Defendants also object, however, to any reference to purported FAA violations during trial and argue that it is either irrelevant, improper character evidence, prejudicial, or inadmissible hearsay.

Plaintiffs contend that Mr. Poreda relied on some of the now-excluded exhibits to form his expert opinion and should be allowed to refer to these documents as necessary to explain the basis for his opinion.  Plaintiffs also argue that evidence that defendants ignored plaintiffs' objections to FAA violations (*e.g.*, illicit drug use during flights, defendants utilizing foreign workers to fly their planes alongside plaintiffs, etc.) is highly probative of plaintiffs' lack of discretion under the FLSA exemption analysis, which is critical to the disposition of this case.

FRE 703 permits inadmissible evidence to be used for the basis of an expert opinion and may be disclosed to the jury so long as its probative value is not outweighed by its prejudicial effect.  Here, Mr. Poreda claims that he relied on exhibits 156, 158, 283, 317, and 319 to form his opinions on the matter.  These exhibits are various letters from the FAA's Office of Chief Counsel in response to requests for interpretation of various FAA regulations.

As set forth previously, evidence pertaining to purported violations of FAA regulations is irrelevant to this labor and wage dispute under the FLSA and would be inadmissible character evidence.  Mr. Poreda is free to base his expert opinion on these inadmissible documents under FRE 703, but the court will not allow Mr. Poreda to disclose these exhibits to the jury because the court finds that their probative value is outweighed by their prejudicial effect.[5]

---

[4] Specifically, plaintiffs' exhibits 154–158; 281–285; 302, and 317–321.

[5] To be clear, the court will not allow evidence or testimony relating to defendants' purported conducting of "commercial operations" and "demo" flights in violation of federal regulations and/or purported attempts to "circumvent U.S. customs" *if* the evidence or testimony is used to communicate to the jury that defendants would be subject to federal legal enforcement on those claims.

**James C. Mahan**
**U.S. District Judge**

- 6 -

However, to the extent Mr. Poreda's testimony (and related exhibits) relate to opining on the *industry standards* for aviation practice as it relates to pilot labor expectations, the court finds this testimony highly probative and valuable for the jury to consider.

Furthermore, the court finds that plaintiffs' introduction of evidence that defendants ignored plaintiff pilots' objections to certain FAA violations is probative, relevant, and admissible during trial. For example, a critical determination at trial will be whether the plaintiffs qualify as exempt employees under the "administrative exemption" under the FLSA,[6] and evidence of the interplay between plaintiff pilots (employees) and defendants (employer) is relevant and probative to the matter at hand.

Admittedly, the distinction between testifying about defendants being subject to FAA violations and plaintiffs lacking certain discretion and independent judgment relevant to the "administrative exemption" under the FLSA appears to be murky. In essence, to the extent the evidence and/or testimony is being used to elucidate issues under the FLSA, it will be admissible; to the extent it is used to paint defendants as scofflaws of FAA regulations, it will be inadmissible.

Regardless, this motion *in limine* is premature since plaintiffs have not yet determined what evidence will be introduced and in what context. Thus, the court reserves the right to rule on specific instances during trial and if the prejudicial effect outweighs any probative value, the evidence will not be admitted.

Accordingly, the court GRANTS in part and DENIES in part defendants' motion *in limine* no. 3 consistent with the foregoing.

> d. Defendants' motion *in limine* no. 4 to exclude U.S. Department of Labor wage and hour opinion letter and similar opinion letters (ECF No. 256)

Defendants assert that the Department of Labor's Opinion Letter FLSA2018-3 is irrelevant because it addresses the exempt status of civilian *helicopter* pilots. The court disagrees. The letter

---

[6] To find an employee exempt under the administrative exemption from FLSA overtime provisions, a court must find that: (1) the employee's primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (2) **the employee's primary duty includes the exercise of discretion and independent judgement with respect to matters of significance**. 29 C.F.R. § 541.200 (administrative exemption criteria).

analyzes the administrative exemption under the FLSA as it pertains to pilots of a flying craft. Although not specifically on point, it appears to be relevant and not significantly prejudicial. The court does not find any other FRE 403 reasons to exclude the letter.

The parties are free to present experts to opine on the letter and utilize cross-examination to distinguish the issues appropriately during trial.

Defendants further object that the letter is inadmissible and cannot be authenticated. However, the letter clearly falls under the public records hearsay exception under FRE 803(8) and is self-authenticating under FRE 902(1)(A) since it bears the U.S. Department of Labor seal on the first page of the letter and a signature.

Finally, a limiting jury instruction can remedy any concern for the improper influence of the agency seal and potential for jury confusion.

Accordingly, the court DENIES defendants' motion *in limine* no. 4.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion *in limine* no. 1 (ECF No. 253), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion *in limine* no. 2 (ECF No. 254) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that defendants' motion *in limine* no. 3 (ECF No. 255) be, and the same hereby is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that defendants' motion *in limine* no. 4 (ECF No. 256) be, and the same hereby is DENIED.

DATED August 3, 2022.

_____
UNITED STATES DISTRICT JUDGE